IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BRENT CLARK,**

        Plaintiff,

v.                          **CIVIL ACTION NO.: 5:21-CV-27**
                                  Judge Bailey

**UNITED STATES OF AMERICA,**

        Defendant.

## ORDER AND *ROSEBORO* NOTICE

On July 7, 2022, defendant filed Defendant's Motion to Strike Plaintiff's Expert Disclosure and Motion for Summary Judgment [Doc. 101], with a corresponding memorandum of law. Pursuant to the holding in **Roseboro v. Garrison**, 528 F.2d 309 (4th Cir. 1975), the plaintiff is **NOTIFIED** of his right and obligation to file a response to the defendant's motion, submitting affidavits or statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting his position in the case. The plaintiff is forewarned that failure to respond may result in this matter being dismissed for failure to prosecute.

The plaintiff is **NOTIFIED** that, pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, a party must disclose to the other parties the identity of any expert witnesses it may use at trial. Under Rule 37(c)(1), a party is not permitted to use a witness if the party has failed to comply with Rule 26(a)(2)(A), unless such failure is substantially justified or harmless.

The plaintiff is further **NOTIFIED** that, pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The plaintiff is further **NOTIFIED** that Rule 56(c) of the Federal Rules of Civil Procedure addresses the procedures for supporting a party's factual positions for consideration on summary judgment. The plaintiff must cite to particular parts of the materials in the record, which may include court transcripts and exhibits, depositions, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other admissible evidence in order to show that there is a genuine dispute concerning a material fact or that the defendant cannot support his factual position with admissible evidence. Fed. R. Civ. P. 56(c)(1) and (2). Furthermore, the court may consider materials cited by either party or it may consider other evidence of record, even if the parties have not relied upon those materials. Fed. R. Civ. P. 56(c)(3). Any affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4).

Pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 11.2, the plaintiff's Response to Defendant's Motion to Strike Plaintiff's Expert Disclosure and Motion for Summary Judgment shall be filed within **twenty-one (21) days** and shall not exceed twenty-five (25) pages. It is further **ORDERED** that the defendant's Reply, if any,

shall be filed within **fourteen (14) days** of the docketing of the plaintiff's Response and shall not exceed fifteen (15) pages.   LR PL P 11.3.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff and to transmit copies to all counsel of record herein.

**DATED**: July 7, 2022.

　　　　　　　　　　　　　　　　　　　　　/s/ James P. Mazzone
　　　　　　　　　　　　　　　　　　　　　JAMES P. MAZZONE
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATJUDGE